1 TODD W. BONDER, ESQ. (Cal. Bar No. 116482)
  tbonder@rmslaw.com
2 RYAN M. LAPINE, ESQ. (Cal. Bar No. 239316)
  rlapine@rmslaw.com
3 LAJU M. OBASAJU, ESQ. (Cal. Bar No. 255706)
  lobasaju@rmslaw.com
4 ROSENFELD, MEYER & SUSMAN, LLP
  9601 Wilshire Boulevard, Suite 710
5 Beverly Hills, California 90210-5225
  Telephone: (310) 858-7700
6 Facsimile:  (310) 860-2430

7 Attorneys for Plaintiffs
  THE GIVING BACK FUND, INC. and MARC
8 POLLICK

9              UNITED STATES DISTRICT COURT

10            CENTRAL DISTRICT OF CALIFORNIA

11

| 12 | THE GIVING BACK FUND, INC., a Massachusetts nonprofit corporation; | Case No. CV10-09705-GAF (JEMx) |
|----|----|----|
| 13 | and MARC POLLICK, an individual, | **PLAINTIFFS THE GIVING BACK FUND, INC.'S AND MARC** |
| 14 | Plaintiffs, | **POLLICK'S NOTICE OF MOTION AND MOTION TO DISQUALIFY** |
| 15 | vs. | **EDWARD KLEIN AND THE LINER FIRM; MEMORANDUM OF** |
| 16 | MIAMI MARKETING GROUP, LLC, a Florida limited liability company; | **POINTS AND AUTHORITIES; DECLARATION OF RYAN M.** |
| 17 | BRIAN GORDON, an individual; and DOES 1 through 25, inclusive, | **LAPINE** |
| 18 | Defendants. | [Request for Judicial Notice filed concurrently herewith] |
| 19 | | |
| 20 | | Date:  January 31, 2011 |
| 21 | | Time:  9:30 a.m. |
| 22 | | Place: Courtroom of the Honorable Gary A. Feess [Courtroom 740] |

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION TO DISQUALIFY EDWARD KLEIN AND THE LINER FIRM ............................................................................. 1

MEMORANDUM OF POINTS AND AUTHORITIES ...................................... 1

I.    INTRODUCTION ............................................................................... 1

II.   STATEMENT OF FACTS ................................................................. 3

III.  LEGAL ARGUMENT ........................................................................ 4

      A.    Standing ..................................................................................... 5

      B.    Mr. Klein Has Held Mr. Bay Out as a Current Client and Thus Cannot Represent Defendants in this Matter as They are Adverse to Mr. Bay ....................................................................... 7

      C.    The Court Should Disqualify Mr. Klein and the Liner Firm Because Their Ethical Breach Impacts Plaintiffs' Interest in a Just and Lawful Determination of Their Claims ................................ 9

IV.   CONCLUSION ................................................................................. 10

DECLARATION OF RYAN M. LAPINE ........................................................ 11

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

480970.03

i

PLAINTIFFS' MOTION TO DISQUALIFY

# TABLE OF AUTHORITIES

## CASES

Page(s)

*Bay v. Troung*, Central District Case No. CV 01-10389 ............................................3

*Brown & Williamson Tobacco Corp. v. Daniel International Corp.*,
    563 F.2d 671 (5th Cir. 1977) ................................................................5

*Chamber v. Nasco, Inc.*,
    501 U.S. 32 (1991) ................................................................................6

*Colyer v. Smith*,
    50 F. Supp. 2d 966 (C.D. Cal. 1999) ..........................................5, 6, 9

*Concat LP v. Unilever, PLC*,
    350 F. Supp. 2d 796 (N.D. Cal 2004) ....................................................7

*Doe v. Madison Sch. Dist. No. 321*,
    177 F.3d 789 (9th Cir. 1999) ................................................................9

*Flatt v. Superior Court*,
    9 Cal. 4th 275 (1994) ........................................................................7, 8

*Kevlik v. Goldstein*,
    724 F.2d 844 (1st Cir. 1984) ................................................................5

*Moreno v. AutoZone, Inc.*,
    2007 U.S. Dist. LEXIS 98250 (N.D. Cal. 2007) ................................6, 8

*Truck Ins. Exchange v. Fireman's Fund Ins. Co.*,
    6 Cal. App. 4th 1050 (1992) ..............................................................7, 8

*U.S. Chess Federation v. Hough*, No. C08-05126 MHP, 2009 U.S.
    Dist. Lexis 96007, at *11 (N.D. Cal. Oct. 14, 2009) ............................5

*United States v. Clarkson*,
    567 F.2d 270 (4th Cir. 1977) ................................................................5

*Visa U.S.A., Inc. v. First Data Corp.*,
    241 F. Supp. 2d 1100 (N.D. Cal. 2003) ................................................8

## RULES

California Local Rule 7-3 ..............................................................................4

California Rule of Professional Conduct Rule 3-310(e) ................1, 2, 3, 4, 5, 7, 10

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

481058.01

ii

PLAINTIFFS' MOTION TO DISQUALIFY

1 | **NOTICE OF MOTION AND MOTION TO DISQUALIFY EDWARD KLEIN**
2 | **AND THE LINER FIRM**
3 | **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**
4 |     **PLEASE TAKE NOTICE** that on January 31, 2011 at 9:30 a.m., or as soon
5 | thereafter as the matter may be heard before the Honorable Gary A. Feess, Judge of
6 | the United States District Court for the Central District of California, located at
7 | Courtroom 740, 255 East Temple Street, Los Angeles, California 90012, plaintiffs
8 | The Giving Back Fund, Inc. and Marc Pollick (collectively "Plaintiffs") will, and
9 | hereby do, move this Court for an order, pursuant to California Rules of
10 | Professional Conduct Rule 3-310(e) ("Rule 3-310(e)"), disqualifying Edward Klein
11 | and the law firm Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor,
12 | LLP (the "Liner Firm") as counsel for defendants Miami Marketing Group, LLC
13 | and Brian Gordon.
14 |     This motion is made following the conference of counsel pursuant to Local
15 | Rule 7-3 which commenced on December 24, 2010.  This motion is made on the
16 | grounds that:
17 |     1.    Mr. Klein's and the Liner Firm's concurrent representation of Miami
18 | Marketing Group, LLC and Brian Gordon (collectively "Defendants") and interested
19 | third-party witness Michael Bay violates Rule 3-310(e);
20 |     2.    These concurrent representations harm Plaintiffs and impact their
21 | "interest in a just and lawful determination of [their] claims," *Colyer v. Smith*, 50
22 | F.Supp.2d 966, 971 (C.D. Cal. 1999); and
23 |     3.    As Mr. Klein and the Liner Firm failed to procure Defendants' and Mr.
24 | Bay's informed written consent prior to entering into this matter, they must be
25 | automatically disqualified. *Flatt v. Superior Court*, 9 Cal.4th 275, 282 (1994).
26 |     This motion is based on this Notice of Motion and Motion, the attached
27 | Memorandum of Points and Authorities, the Declaration of Ryan M. Lapine and
28 | exhibits thereto, the concurrently filed Request for Judicial Notice, all papers and

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

480970.03

1

PLAINTIFFS' MOTION TO DISQUALIFY

1   pleadings on file in this action, and upon such further evidence and argument as may

2   be presented prior to or at the hearing of this Motion.

3

4   DATED: January 3, 2011          TODD W. BONDER, ESQ.

5                            RYAN M. LAPINE, ESQ.
                              LAJU M. OBASAJU, ESQ.

6                            ROSENFELD, MEYER & SUSMAN, LLP

7

8                            By: _____ /s/ Ryan M. Lapine _____

9                                Ryan M. Lapine
                           Attorneys for Plaintiffs THE GIVING BACK

10                            FUND, INC. and MARC POLLICK

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

480970.03

2

PLAINTIFFS' MOTION TO DISQUALIFY

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.     INTRODUCTION

The instant motion results from attorney Edward Klein's and his law firm Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor, LLP's (the "Liner Firm") unethical concurrent representation of Miami Marketing Group, LLC ("MMG") and Brian Gordon (collectively, the "Defendants") in this action and interested third-party witness Michael Bay, in direct contravention of California Rules of Professional Conduct Rule 3-310(e) ("Rule 3-310(e)").  Although not a party to the instant action, Mr. Bay is intricately involved in the nucleus of events precipitating this action.  Plaintiffs The Giving Back Fund, Inc. (the "Charity") and Marc Pollick (collectively "Plaintiffs") would be prejudiced, and a fair adjudication of this matter could not occur should Mr. Klein and the Liner Firm be allowed to continue concurrently representing both Defendants and Mr. Bay.

This action arises from the 2010 Big Game Big Give (the "Fundraiser"), the Charity's Super Bowl party that Mr. Bay hosted at his Florida home in consort with Super Bowl XLIV.  The Charity, through Pollick, hired MMG, through Gordon, pursuant to a written contract (the "Contract") to provide event management services at the Fundraiser.  MMG breached the Contract and then engaged in a series of tortious conduct, including the preparation and attempted passing off of forged documents, a prolonged slander campaign, the theft of charitable donations and the propagation of intentional misrepresentations designed to mislead the Miami-Dade Police Department and the public at large, all of which damaged Plaintiffs.  Mr. Bay is one of the key witnesses to this action, having hosted and helped plan the Fundraiser that is at the heart of this dispute.

Mr. Klein has represented Mr. Bay as counsel for at least ten (10) years.  Mr. Klein lists Mr. Bay first in a long list of distinguished entertainment clients in his attorney profile on the Liner Firm's website, demonstrating the importance and significance of this relationship to Mr. Klein and the Liner Firm.  Mr. Bay not only

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

480970.03

1

PLAINTIFFS' MOTION TO DISQUALIFY

1  did not consent to Mr. Klein's and the Liner Firm's representation of Defendants in

2  this matter, but neither Mr. Klein nor the Liner Firm even bothered to contact Mr.

3  Bay or otherwise inform him of their intent to represent Defendants in this matter

4  before entering as counsel of record.

5        Plaintiffs believe that the conflict presented by Mr. Klein and the Liner Firm

6  is not potential but actual.  Accordingly, even had they obtained a conflicts waiver,

7  it would not correct the stain of their ethical breach.  However, even if it presents

8  merely a potential conflict, given their long and continuous representation of Mr.

9  Bay, Mr. Klein and the Liner Firm had a duty pursuant to Rule 3.310(e) to notify Mr.

10 Bay once they took on Defendants as new clients in this matter and to obtain an

11 informed conflicts waiver.  All evidence suggest they failed to take these most basic

12 steps.

13       Plaintiffs have third-party standing to bring this motion to disqualify Mr.

14 Klein and the Liner Firm based on the deleterious impact their unethical conduct has

15 on Plaintiffs' interest in a just and lawful determination of their claims against

16 Defendants.  In representing Mr. Bay for at least ten (10) years, including in an

17 action involving Mr. Bay's personal finances and investment activity, Mr. Klein has

18 necessarily learned of Mr. Bay's private financial information and other sensitive

19 information ordinarily exchanged in the course of representation.  Mr. Klein's

20 possession of this confidential information is likely to have a chilling effect on Mr.

21 Bay's willingness and ability to serve as a witness in this action.

22       Further, as Mr. Bay's decisions regarding his own prosecution of related

23 claims against Defendants will very likely have an impact on Plaintiffs' litigation

24 strategy, Mr. Klein's knowledge of Mr. Bay's private financial information, as well

25 as other information gleaned from Mr. Klein's years as Mr. Bay's attorney, provide

26 Defendants with an unfair and undeserved advantage in defending against Plaintiffs'

27 allegations.

28

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

480970.03

2

PLAINTIFFS' MOTION TO DISQUALIFY

1    The issues implicated by Mr. Klein and the Liner Firm's breach of Rule 3-
2 310(e) are no less than the very sanctity of the judiciary and the legal profession.
3 Where, as here, an attorney seeks to concurrently represent two parties with adverse
4 interests, the duty of loyalty is presumed breached.  To date, Mr. Klein has provided
5 no evidence rebutting this presumption and, in fact, his and his firm's failure to even
6 notify Mr. Bay before undertaking this representation speaks to their ultimate
7 inability to adhere to the most basic tenet of legal ethics.

8    As such, in the interest of justice and to prevent prejudice, Plaintiffs
9 respectfully request that this Court disqualify Mr. Klein and the Liner Firm as
10 attorneys for Defendants in this action.

11 **II.    STATEMENT OF FACTS**

12    The operative facts are few and straightforward.  Mr. Klein and the Liner
13 Firm are the attorneys of record for Defendants in this action.  Mr. Klein has also
14 represented interested party Mr. Bay in previous litigation, including *Bay v. Troung*,
15 Central District Case No. CV 01-10389, involving, *inter alia*, allegations of fraud
16 against Mr. Bay's personal investment advisor.  *See* Request for Judicial Notice
17 ("RJN"), Exs. A-B.  In that case, Mr. Bay sued the defendant, a former employee of
18 Merrill Lynch Pierce Fenner & Smith, Inc., for alleged fraud in brokerage firm
19 transactions, bringing Mr. Bay's private personal finances into issue.  RJN, Ex. B at
20 pp.1-2.

21    Mr. Bay is prominently displayed as the first in a list of Mr. Klein's current
22 clients in his attorney profile on the Liner Firm's website.  Declaration of Ryan M.
23 Lapine ("Lapine Decl."), Ex. 2.  As an officer of the Court, Mr. Klein would
24 certainly not make such a representation merely to deceive the public if it was not
25 true.

26    While not a party to this action, Mr. Bay is intimately involved with the
27 matters underlying it as he hosted the Fundraiser at his Florida residence.  Verified
28 Complaint, ¶ 7.  Neither Mr. Klein nor the Liner Firm received Mr. Bay's consent or

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

480970.03

3

PLAINTIFFS' MOTION TO DISQUALIFY

1   even notified Mr. Bay of their intent to represent Defendants before entering as

2   counsel of record for Defendants in this matter.  Lapine Decl., ¶ 4.

3       Among other things, Plaintiffs have alleged that Defendants disseminated

4   information regarding the Fundraiser and Mr. Bay's participation in it without the

5   permission of either Mr. Bay or Plaintiffs.  Verified Complaint, ¶¶ 21-27.  In

6   defending against these and the remaining allegations in the Verified Complaint,

7   Defendants' interests will necessarily be directly adverse to Mr. Bay, whose rights

8   Defendants are alleged to have violated.  Mr. Klein and the Liner Firm would have

9   been put on notice of this actual conflict by simply reading the Verified Complaint.

10      Despite the apparent conflict, Mr. Klein has chosen to represent Defendants

11  while concurrently representing Mr. Bay, thereby concurrently representing clients

12  with conflicting interests in violation of Rule 3-310(e).  To date, Plaintiffs have not

13  been made aware of any agreement between either Mr. Bay and Mr. Klein or

14  Defendants and Mr. Klein waiving the apparent conflict.  Plaintiffs met and

15  conferred with Mr. Klein regarding this motion pursuant to Local Rule 7-3, during

16  which Mr. Klein made no mention of having obtained a conflicts waiver.  Lapine

17  Decl., ¶ 2, Ex. 1.  Based on the statements made by Mr. Bay's transactional attorneys

18  and Mr. Klein's failure to present a waiver or even make mention of one during the

19  meet and confer process, it is clear no such agreements have been memorialized in

20  writing as required by Rule 3-310(e).

21      Mr. Klein is a learned member of the Bar who practices at a top firm.  Yet,

22  Mr. Klein has refused to comply with Rule 3-310(e) and continues to represent

23  Defendants in this matter despite a blatant conflict of interest with Mr. Bay.  Mr.

24  Klein's and the Liner Firm's refusal to withdraw as counsel for Defendants has

25  necessitated the filing of the instant motion.

26  **III.   LEGAL ARGUMENT**

27      Rule 3-310(e) provides that "[a] member shall not, without the informed

28  written consent of the client or former client, accept employment adverse to the

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

480970.03

4

PLAINTIFFS' MOTION TO DISQUALIFY

1    client or former client where, by reason of the representation of the client or former

2    client, the member has obtained confidential information material to the

3    employment." By concurrently representing both Defendants and Mr. Bay, Mr.

4    Klein has violated this rule. Plaintiffs have standing to bring the instant

5    disqualification motion. Disqualifying Mr. Klein and the Liner Firm would be

6    justified based on the serious nature and consequences of their ethical breach.

7         **A.**      <u>Standing</u>

8         Plaintiffs have third-party standing to move for Mr. Klein's disqualification

9    pursuant to Rule 3-310(e). In order to have third-party standing for purposes of

10    Rule 3-310(e), "a non-client litigant must establish a personal stake in the motion to

11    disqualify sufficient to satisfy the 'irreducible constitutional minimum' of Article

12    III." *Colyer v. Smith*, 50 F.Supp.2d 966, 971 (C.D. Cal. 1999). Though the moving

13    party in *Colyer* was unable to meet this burden, standing will exist where "the

14    ethical breach so infects the litigation in which disqualification is sought that it

15    impacts the moving party's interest in a just and lawful determination of [his or] her

16    claims…." *Id.*; *see also U.S. Chess Federation v. Hough*, No. C08-05126 MHP,

17    2009 U.S. Dist. Lexis 96007, at *11 (N.D. Cal. Oct. 14, 2009) ("Considering the

18    court's inherent duty to manage the conduct of attorneys before it and to ensure the

19    fair administration of justice, it makes little sense to assert that a court must ignore

20    evidence of ethical breaches or conflicts of interest merely because such evidence

21    has been brought forward by a third-party litigant"); *Kevlik v. Goldstein*, 724 F.2d

22    844, 847 (1st Cir. 1984) ("Appellant first argues that the plaintiffs lack standing to

23    pursue a disqualification order because only the former client, in this instance

24    Southmayd, may raise a disqualification motion. We disagree."); *United States v.*

25    *Clarkson,* 567 F.2d 270, 271 n.1 (4th Cir. 1977) (member of bar obligated to call to

26    court's attention "facts justifying a disqualification of counsel"); *Brown &*

27    *Williamson Tobacco Corp. v. Daniel International Corp.,* 563 F.2d 671, 673 (5th

28    Cir. 1977) ("Appellant has standing to seek disqualification even though it is not an

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

480970.03

5

PLAINTIFFS' MOTION TO DISQUALIFY

1  aggrieved client because its attorneys are authorized to report any ethical violations

2  in the case").

3      "In such a case, moreover, the prudential barrier to litigating the rights and

4  claims of third parties should not stop a district court from determining the motion,

5  because such a limitation would be overcome by the court's inherent obligation to

6  manage the conduct of attorneys who appear before it and to ensure the fair

7  administration of justice." *Colyer, supra*, 50 F.Supp.2d at 972 citing *Chamber v.*

8  *Nasco, Inc.*, 501 U.S. 32, 43-44 (1991).  Courts in the Ninth District have applied

9  this standard, found that third-party movants have standing to disqualify opposing

10  counsel for concurrent representation that harms the moving party and have thus

11  disqualified opposing counsel for their ethical breach.  See, *Moreno v. AutoZone,*

12  *Inc.*, 2007 U.S. Dist. LEXIS 98250, *52-55 (N.D. Cal. 2007).

13      Mr. Klein's and the Liner Firm's ethical breach in representing both Mr. Bay

14  and Defendants infects this litigation to such a degree that it impacts Plaintiffs'

15  interest in a just and lawful determination of their claims such that they have

16  standing to bring this motion.  Mr. Klein's long history as counsel for Mr. Bay will

17  almost undoubtedly have an effect on Mr. Bay's participation in this matter.  Indeed,

18  Mr. Klein is not Mr. Bay's former counsel, but instead holds Mr. Bay out as a

19  *current* client.  Mr. Klein's lengthy and continuous relationship with Mr. Bay

20  provides Defendants with an unfair advantage against Plaintiffs.

21      Mr. Bay hosted the Fundraiser at his home; he actually attended the

22  Fundraiser and helped plan it.  MMG's management of the Fundraiser is at the crux

23  of this litigation.  Mr. Bay is uniquely positioned to corroborate the facts of this

24  case, a position that Mr. Klein's and the Liner Firm's long representation of Mr. Bay

25  compromises.

26      As Mr. Bay's counsel in previous litigation centered on Mr. Bay's personal

27  finances and as an attorney who represents that Mr. Bay as a current client, it is hard

28  to believe that Mr. Klein does not possess significant confidential information

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

480970.03

6

PLAINTIFFS' MOTION TO DISQUALIFY

1   regarding Mr. Bay's personal and business finances, Mr. Bay's litigation strategies

2   and an indeterminate amount of the kind of sensitive information that would

3   ordinarily pass between a client and his attorney.  The apprehension that Mr. Klein

4   will use Mr. Bay's confidential information against him is likely to have a chilling

5   effect on Mr. Bay's willingness to serve as a witness in this matter.  Further, as Mr.

6   Klein and the Liner Firm have already committed one major ethical breach by

7   failing to procure a conflicts waiver before entering into this matter despite the letter

8   of Rule 3-310(e), there is reason to believe that they will actually use Mr. Bay's

9   confidential information against him to provide Defendants an unfair advantage in

10   this litigation notwithstanding their duties to Mr. Bay.

11       As Mr. Klein is the lead attorney for Defendants on this matter, the kind of

12   ethical wall that this type of dual representation usually mandates is by now an

13   impossibility – as the adage goes, you cannot unring a bell.  It is hard to imagine a

14   set of facts that would more directly affect Plaintiffs' interest in a just and lawful

15   determination of their claims than one in which Defendants' counsel is privy to

16   attorney-client disclosures learned by representing the key third-party witness in the

17   matter for more than ten (10) years.  As such, Plaintiffs have standing to bring this

18   motion.

19   **B.   <u>Mr. Klein Has Held Mr. Bay Out as a Current Client and Thus</u>**

20   **<u>Cannot Represent Defendants in this Matter as They are Adverse to</u>**

21   **<u>Mr. Bay</u>**

22       Rule 3-310(e) is applied strictly in its proscription of conflicting concurrent

23   representations because such conflicts implicate the "attorney's duty – and the

24   client's legitimate expectation – of loyalty…." *Concat LP v. Unilever, PLC*, 350

25   F.Supp.2d 796, 815 (N.D. Cal 2004) quoting *Flatt v. Superior Court*, 9 Cal.4th. 275,

26   284 (1994).  "[I]f this undivided loyalty is violated, public confidence in the legal

27   profession and the judicial process is undermined." *Id.*, quoting *Truck Ins.*

28   *Exchange v. Fireman's Fund Ins. Co.*, 6 Cal.App.4th 1050, 1057 (1992).  Because of

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

480970.03

7

PLAINTIFFS' MOTION TO DISQUALIFY

1   the substantial issues at stake, "**[w]hen evaluating whether a [lawyer] may**

2   **concurrently represent two clients, even on unrelated matters, it is presumed**

3   **that the duty of loyalty has been breached and counsel is automatically**

4   **disqualified**." *Id.* at 819, quoting *Visa U.S.A., Inc. v. First Data Corp.*, 241 F.

5   Supp.2d 1100, 1104 (N.D. Cal. 2003) (emphasis added).  The burden is then on the

6   lawyer to rebut the presumption – presumably by obtaining conflict waivers from

7   both clients after full disclosure. *Id.* at 820.  "Absent each client's informed written

8   consent, dual representation of clients whose interests actually conflict is prohibited

9   and results in per se or automatic 'disqualification.'" *Moreno, supra,* 2007 U.S. Dist.

10  LEXIS 98250 at *16 quoting *Flatt, supra,* 9 Cal.4th at 282.

11          In the instant case, there is no question that Mr. Klein has represented Mr.

12  Bay in previous litigation.  There is also no question that Mr. Bay is displayed

13  prominently on Mr. Klein's law firm webpage as a *current* client.  Neither can it be

14  credibly argued that Defendants' interests are not adverse to Mr. Bay's.  As alleged

15  in the Verified Complaint, Defendants made defamatory statements regarding the

16  Fundraiser which are directly detrimental to Mr. Bay as the very prominent host of

17  the Fundraiser.  Defendants also made numerous false disclosures regarding the

18  Fundraiser in a color portfolio depicting events MMG produced without the

19  permission or consent of Mr. Bay or the Charity.  Any defense to these allegations

20  would necessarily place Defendants at odds with Mr. Bay.  An actual conflict thus

21  exists.

22          Given the foregoing, the Court must presume that the duty of loyalty has been

23  breached.  Furthermore, to Plaintiffs' knowledge no conflict waiver was obtained

24  from Mr. Bay and Defendants.  The presumption of breach cannot be rebutted, and

25  Mr. Klein and the Liner Firm should be automatically disqualified.  This ethical

26  breach is particularly severe as neither Mr. Klein nor the Liner Firm even bothered

27  to notify Mr. Bay of their representation of Defendants before entering into this

28  matter, making it impossible for them to now go back and procure the type of

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

480970.03

8

PLAINTIFFS' MOTION TO DISQUALIFY

1  informed waiver that may arguably have allowed them to enter into this matter

2  without committing an ethical breach in the first place.

3  **C.**    **The Court Should Disqualify Mr. Klein and the Liner Firm**

4  **Because Their Ethical Breach Impacts Plaintiffs' Interest in a Just**

5  **and Lawful Determination of Their Claims**

6  Mr. Klein and the Liner Firm's ethical breach affects not only Mr. Bay's

7  rights, but also impacts Plaintiffs' interest in a just and lawful determination of their

8  claims.  As discussed above, "[w]here the ethical breach is so severe that it

9  'obstructs the orderly administration of justice,' the party who finds his claims

10  obstructed has standing." *Colyer, supra*, 50 F.Supp.2d at 972.  Notably, "to prove

11  an injury in fact under Article III of the Constitution, the plaintiff need only allege

12  an injury that is 'fairly traceable' to the wrongful conduct." *Doe v. Madison Sch.*

13  *Dist. No. 321*, 177 F.3d 789, 793 (9th Cir. 1999).  The same analysis that justifies

14  why Plaintiffs have standing to bring this motion explains why Mr. Klein and the

15  Liner Firm should be disqualified – their ethical breach irreparably harms Plaintiffs.

16  Again, Mr. Klein's long history as counsel for Mr. Bay will almost

17  undoubtedly have an effect on Mr. Bay's participation in this matter.  Mr. Bay is a

18  key third-party witness to the dispute between Plaintiffs and Defendants.  The

19  apprehension that Mr. Klein will use Mr. Bay's confidential information against him

20  is likely to have a chilling effect on Mr. Bay's willingness to serve as a witness in

21  this matter.  Further, as Mr. Klein and the Liner Firm have already committed one

22  major ethical breach by failing to procure a conflicts waiver before entering into this

23  matter, there is reason to believe that they will actually use Mr. Bay's confidential

24  information against him to provide Defendants an unfair advantage in this litigation

25  notwithstanding their duties to Mr. Bay.

26  To protect against this prejudice to Plaintiffs and to ensure the fair and orderly

27  administration of justice, Mr. Klein and the Liner Firm should be disqualified from

28  representing Defendants in this matter.

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

480970.03

9

PLAINTIFFS' MOTION TO DISQUALIFY

1    **IV.    <u>CONCLUSION</u>**

2           For the foregoing reasons, Plaintiffs request that Mr. Klein and the Liner Firm

3    be disqualified in keeping with Rule 3-310(e) of the California Rules of Professional

4    Conduct.

5

6    DATED: January 31, 2011                TODD W. BONDER, ESQ.

7                                            RYAN M. LAPINE, ESQ.
                                             LAJU M. OBASAJU, ESQ.

8                                            ROSENFELD, MEYER & SUSMAN, LLP

9

10

11                                          By: _____/s/ Ryan M. Lapine_____
                                                     Ryan M. Lapine

12                                          Attorneys for Plaintiffs THE GIVING BACK
                                            FUND, INC. and MARC POLLICK

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

480970.03

10

PLAINTIFFS' MOTION TO DISQUALIFY

### DECLARATION OF RYAN M. LAPINE

I, Ryan M. Lapine, declare as follows:

1.      I am a member in good standing of the State Bar of California and have been admitted to practice before this Court. I am an attorney at the law firm of Rosenfeld, Meyer & Susman, LLP and am counsel of record for plaintiffs THE GIVING BACK FUND, INC. and MARC POLLICK in the above-captioned action. Except as the context may otherwise indicate, I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.      Prior to filing this motion, I met and conferred with Edward Klein pursuant to Local Rule 7-3. Attached hereto as **Exhibit 1** is a true and correct copy of a letter I sent to Mr. Klein on December 24, 2010, setting forth the basis for this motion. I also spoke with Mr. Klein on December 29, 2010. Mr. Klein indicated his unwillingness to voluntarily withdraw from this matter and stated that he and his firm would be opposing this motion. Mr. Klein made no mention of a conflicts waiver at any time during those talks.

3.      Attached hereto as **Exhibit 2** is a true and correct copy of Edward Klein's profile that I printed out from the website of Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP on December 24, 2010, which profile lists Michael Bay as a client in the present tense.

4.      On December 20, 2010, I spoke to Michael Bay's transactional attorney, Robert Offer of Sloan, Offer, Weber and Dern, LLP, whose offices are in the same building as my firm. I was informed by Mr. Offer that Michael Bay did not know that either Mr. Klein or the law firm of Liner Grode Stein Yankelevitz Sunshine Regenstreif & Taylor LLP (the "Liner Firm") had appeared as counsel for Defendants in this matter, had not been contacted by Mr. Klein or by the Liner Firm regarding that representation, and had not consented to that representation.

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

480970.03

11

PLAINTIFFS' MOTION TO DISQUALIFY

1    I declare under penalty of perjury under the laws of the United States of
2  America that the foregoing is true and correct.
3       Executed on January 3, 2011, at Beverly Hills, California.
4
5
6                              /s/ Ryan M. Lapine
                               Ryan M. Lapine
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAW OFFICES
ROSENFELD,
MEYER &
SUSMAN, LLP

480970.03

12
PLAINTIFFS' MOTION TO DISQUALIFY